UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE WAGNER AGENCY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23 CV 1408 CDP |
| ) | |
| JOHNSON & JOHNSON, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff The Wagner Agency brings this diversity action against defendants Johnson & Johnson, Inc., and American Modern Property and Casualty Company alleging breach of Missouri insurance statutes, breach of contract, tortious interference, and unfair practices, all in relation to defendants' alleged termination of an agreement under which Wagner produced insurance policies for American Modern.  Wagner is a Missouri limited liability company based in Lake of the Ozarks, Missouri.  Because Wagner's complaint fails to adequately state its citizenship for purposes of diversity jurisdiction and, further, appears to be brought in the wrong venue under 28 U.S.C. § 1391, I will order Wagner to show cause why this case should not be dismissed without prejudice for lack of subject-matter jurisdiction and for improper venue.

Subject-Matter Jurisdiction

For purposes of diversity, a limited liability company's citizenship is the citizenship of all its members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Here, Wagner's complaint states only that it is a Missouri LLC with its principal place of business located in Lake of the Ozarks, Missouri, and that it is not a citizen of any other State. (ECF 1 at ¶ 3.) Wagner fails to identify the members of its LLC or allege the citizenship of all of the LLC's members. And merely averring that a party is not a citizen of a particular State does not set forth with specificity that party's citizenship for purposes of establishing diversity jurisdiction. *Gunapt Dev., L.L.C. v. Peine Lakes, L.P.*, No. 4:20-CV-01778-MTS, 2021 WL 3737273, at *1 (E.D. Mo. Aug. 24, 2021) (citing cases). *Cf. Howard v. Newrez, LLC*, No. 4:21-CV-522 JAR, 2021 WL 2949535, at *5 (E.D. Mo. July 14, 2021) (party invoking diversity jurisdiction must identify the parties' States of citizenship).

I am therefore unable to determine from the complaint if this Court has subject-matter jurisdiction over this action. While I generally order that an amended pleading be filed to properly allege subject-matter jurisdiction, I will not do so here given that the case also appears to be filed in the wrong venue as discussed below. I will therefore order Wagner to show cause why this case should not be dismissed for lack of subject-matter jurisdiction and for improper

venue.

Improper Venue

Wagner avers that its principal place of business is in Lake of the Ozarks, Missouri, which is located in Camden County, Missouri. The Civil Cover Sheet completed by Wagner's attorney upon the filing of this case lists Camden County as the county of its residence (ECF 1-1), and its Disclosure Statement states that it is a citizen of Camden County. Camden County is in the Western District of Missouri. 28 U.S.C. § 105(b)(4). According to Wagner's complaint, defendant Johnson & Johnson is incorporated in South Carolina with its principal place of business in South Carolina, and defendant American Modern is an Ohio corporation with its principal place of business in Ohio. The alleged conduct giving rise to the complaint is the wrongful termination of a contract involving Wagner's production of insurance policies for American Modern. There is no conduct alleged to have occurred in the Eastern District of Missouri.

Under the venue statute, a civil action may be brought in –

(1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2)  A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part property that is the subject of the action is situated; or
(3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  It is unclear why Wagner filed this action in the Eastern District of Missouri given that there appears to be no connection to this venue.

Under 28 U.S.C. § 1406(a), I must dismiss a case "laying venue in the wrong . . . district" or, in the interest of justice, transfer the case "to any district . . . in which it could have been brought."  Because it appears on the face of the complaint and other documents before the Court that venue is improper in the Eastern District of Missouri, I will order Wagner to show cause why I should not dismiss this case under § 1406(a) for improper venue.  Transfer to the Western District is not appropriate given the question of whether federal subject-matter jurisdiction exists in the case.

Accordingly,

**IT IS HEREBY ORDERED** that **not later than November 17, 2023**, plaintiff The Wagner Agency shall show cause why this action should not be dismissed without prejudice for lack of subject-matter jurisdiction and for improper venue under 28 U.S.C. § 1406(a).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2023.