UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE WAGNER AGENCY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHNSON & JOHNSON, INC., et al., )<br>)<br>Defendants. ) | Case No. 4:23 CV 1408 CDP |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff The Wagner Agency and non-party American Modern Property and Casualty Insurance Company's Joint Memorandum regarding outstanding disputes relating to a subpoena issued November 13, 2024, to American Modern under Federal Rule of Civil Procedure 45.  After a hearing held January 7, 2025, I ordered counsel to meet and confer and attempt to resolve their disputes as required by Local Rule 3.04(A) and to inform me whether any substantive disputes remain.  Despite their meet and confer efforts, counsel's Joint Memorandum reports that disputes remain regarding seven of the nine requests for production of documents set out in Wagner's Rule 45 subpoena, and specifically Request Nos. 1-5, 8, and 9.

Upon review of the Joint Memorandum and counsel's averments and arguments at the January 7 hearing, I make the following rulings on those

outstanding requests:

**Request Nos. 1 and 9**:  American Modern avers that it has produced all responsive documents that exist and are in its control.  Wagner admits that American Modern has produced responsive documents and avers that it is currently reviewing them.  As Wagner identifies no dispute that remains regarding Request Nos. 1 and 9, I will not direct American Modern to further respond to them.

**Request Nos. 2 and 3**:  In these Requests, Wagner seeks the production of "applications for insurance policies submitted by One80 International [and Marine Underwriters Agency – Robert Kinsey], after August 1, 2023, on policies which AMIG sent Notice of Non-Renewal to the policyholder, where Johnson & Johnson, Inc. / JJINS Insurance Services was the policyholder's agency and Christopher Wagner was the policyholder's agent."[1]  In their Joint Memorandum, both counsel aver that the sought-after applications are those that Christopher Wagner submitted to American Modern through One80 and Marine Underwriters that were accepted and upon which American Modern policies were issued.

I agree with Wagner that such information may be relevant to proving the truth or falsity of defendant Johnson & Johnson, Inc.'s reason for terminating its relationship with Wagner.  However, I also agree with American Modern that

---

[1] Christopher Wagner is the sole member of The Wagner Agency, which is a limited liability company.

Wagner has failed to demonstrate that it cannot obtain the information from its own records, especially given that it was Christopher Wagner who made the applications and Wagner's counsel represented that she had not asked Christopher Wagner if he had copies of or had access to the applications.

Requiring a non-party to produce information that can be obtained from a party to the case is imposing an undue burden on the non-party. *Stars Design Grp., Inc. v. Sun Coast Merchandising Corp.*, No. 4:24CV620 HEA, 2024 WL 3372841, at *2 (E.D. Mo. July 11, 2024). The requesting party must provide reasons why it cannot obtain the information from the parties in the case. Failure to do so renders its attempt to obtain such information from a non-party inappropriate. *Hogan v. Niehues Trucking, Inc.*, No. 22-00132-CV-W-BP, 2022 WL 22902354, at *3 (W.D. Mo. July 12, 2022).

In view of Wagner's failure to provide any reason or demonstrate why it cannot obtain the requested information from Christopher Wagner or its own records, I will not require American Modern to further respond to Request Nos. 2 and 3.

**Request No. 4**: American Modern has produced the only Prompted Partner Experience Report that exists, averring that it was created in July 2023 as a "one-off" report in response to a specific event and was not created in the ordinary course of business. Following up on its subpoenaed request for such reports,

Wagner now seeks production of the "supporting electronically stored data" used to generate the reports and, further, appears to request that American Modern generate additional responsive reports from such data. In response, American Modern avers that the July 2023 Report *is* the data that Wagner seeks and that it does not have the ability to create additional historical reports.

I agree with American Modern that Wagner's new request for "supporting electronically stored data" exceeds the scope of Request No. 4. Moreover, I must accept American Modern's representation that the additional documents Wagner seeks do not exist – especially where, as here, the requesting party provides no information sufficient to question the truthfulness of that representation. *Weisman v. Barnes Jewish Hosp.*, No. 4:19-CV-00075 JAR, 2022 WL 850772, at *3 (E.D. Mo. Mar. 22, 2022). *See also Stars Design*, 2024 WL 3372841 at *2 (the requesting party's "jaded outlook" regarding full disclosure "is not a basis upon which to impose a burden on non-parties.").

Because I cannot compel American Modern to produce records that do not exist or to create, on Wagner's request, documentary evidence that does not already exist in some form, *Soetaert v. Kansas City Coca Cola Bottling Co.*, 16 F.R.D. 1, 2-3 (W.D. Mo. 1954), I will not require American Modern to further respond to Request No. 4.

**Request No. 5**: I will direct American Modern to produce commission

reports showing commissions paid by American Modern to Midlands, Inc., and Johnson & Johnson based on their portfolio of policies for the time period requested.[2] I am not convinced that commission reports for any other insurance producing agency are relevant to this case at this time.

To the extent Wagner requests commission reports for Wagner as a separate entity, I have no reason to disbelieve American Modern's representation that it does not collect or possess separate commission information for Wagner as American Modern did not have a direct relationship with Wagner and never paid commissions directly to Wagner. I cannot order American Modern to produce documents that do not exist. *See Weisman*, 2022 WL 850772, at *3; *Stars Design*, 2024 WL 3372841 at *2.[3]

**Request No. 8**: Wagner seeks production of "all reports which document the loss history or loss ratio, on insurance policies on which Christopher Wagner was the agent from June 2020 to the present." American Modern avers that it has produced all such reports, and that the reports document more than four years of

---

[2] Johnson & Johnson purchased Midlands in 2022, and Wagner continued to operate under the Midlands agreement to produce American Modern policies for clients until Johnson & Johnson terminated the agreement in August 2023.

[3] American Modern represents that Wagner's counsel refused to respond to questions regarding the extent to which Wagner sought information regarding its commissions from Johnson & Johnson and why the "some information" obtained from Johnson & Johnson was insufficient for Wagner's purposes. (Joint Memo., ECF 67 at pp. 11-12.) The refusal to address such questions in the context of a Rule 45 subpoena does not appear to comply with Local Rule 3.04(A)'s requirement to confer in "good faith" and make "sincere efforts" to resolve discovery disputes.

loss ratios: from January 2020 through December 2022; from January 2021 through December 2021; from January 2022 through December 2022; from January 2023 through December 2023; from January 2021 through October 2024; July 2023 month-to-date; from January 2023 to July 2023; and from July 2022 to July 2023. (Joint Memo., ECF 67 at pp. 13-14.) Wagner asserts in the Joint Memorandum, however, that it seeks "electronically stored data regarding loss history on *each* policy in Wagner's book of business." (*Id.* at p. 12.) (Emphasis added.)

    I agree with American Modern that Wagner's new request for "electronically stored data" regarding "each policy" exceeds the scope of Request No. 8. Moreover, I accept American Modern's representation that responsive documents to Wagner's modified request do not exist as American Modern does not track Wagner's loss ratio on a policy-by-policy basis. *Weisman*, 2022 WL 850772, at *3. American Modern avers that because such specific information is not kept in the ordinary course of business, an employee would be required to review each policy, the amount of premiums received for each policy, and the losses paid for each policy, and then develop and create a new report that has never before existed. Requiring a non-party to engage in this exercise is unduly burdensome. *See Soetaert*, 16 F.R.D. at 2-3. I will not require American Modern

to further respond to Request No. 8.[4]

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that **within five (5) days of the date of this Order**, non-party American Modern Property and Casualty Insurance Company shall produce to plaintiff The Wagner Agency copies of all commission reports showing commissions paid by American Modern to Midlands, Inc., and Johnson & Johnson, Inc., from January 1, 2020, to the present, based on those agencies' portfolio of policies.

**IT IS FURTHER ORDERED** that any motions to amend pleadings and/or to join parties shall be filed **within ten (10) days of the date of this Order**.  In all other respects, the Amended Case Management Order entered November 20, 2024 (ECF 57) remains in full force and effect.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2025.

---

[4] I am troubled again by another assertion that during the meet-and-confer process, Wagner's counsel refused to explain to American Modern's counsel why the information already produced regarding the loss ratio data was insufficient for Wagner's needs in the case.  (Joint Memo., ECF 67 at pp. 13-14.)  I remind counsel that they must confer in good faith and make sincere efforts to resolve discovery disputes before seeking court intervention.  E.D. Mo. L.R. 3.04(A).